cateUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| CHERYL POWERS AS MOTHER AND NEXT FRIEND OF R. P., and GARY POWERS,<br>Plaintiffs,<br>v.<br><br>JACK COFFFEY,<br>EDWARD POKORNICKI,<br>ERNEST HORN,<br>PHILIP DUNLAVEY, and<br>TOWN OF MENDON,<br>Defendants. | COMPLAINT AND JURY DEMAND |

## INTRODUCTORY STATEMENT

This case arises out of personal injuries sustained by the plaintiffs as a result of an illegal stop and search on October 4, 2007 and the unlawful prosecution of the plaintiff, R. P..

## JURISDICTION

Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1331 as the plaintiffs allege violations of their civil rights by the defendants.

## PARTIES

1. The plaintiff, Gary Powers, is an individual, who resides in Mendon, Worcester County, Massachusetts.

2. The plaintiff, R. P., a minor, is the child of Cheryl Powers, who resides with him in Mendon, Worcester County, Massachusetts.

3. The defendant, the Town of Mendon, is a municipality located in Worcester County, Massachusetts.

4. The defendant, Jack Coffey, is an individual who works for the Town of Mendon Police Department as a police officer.

5. The defendant, Edward Pokornicki, is an individual who works for the Town of Mendon Police Department as a police officer.

6. The defendant, Ernest Horn, is an individual who works for the Town of Mendon Police Department as its chief of police.

7. The defendant, Philip Dunlavey, is an individual who works for the Town of Mendon Police Department as a police officer.

## FACTS COMMON TO ALL COUNTS

8. On or about October 4, 2007 an individual by the name of John Franklin entered the Mendon police department and reported that while driving down a Mendon street, the plaintiff, Gary Powers, while driving his oil truck, pointed a gun at him.

9. The Mendon police department did not take any steps to substantiate Mr. Franklin's complaint despite the fact that they were familiar with the plaintiff, Gary Powers, were aware of prior unsubstantiated complaints made by Mr. Franklin, and observed that Mr. Franklin's behavior and demeanor were erratic.

10. The Mendon police immediately set out to locate Mr. Power's vehicle.

11. Officer Jack Coffey, after learning from Detective Pamela Mason that the plaintiff's oil truck was not located in his driveway, sat in wait off of the side of the road, for the plaintiff to re-enter Mendon.

12. As Officer Coffey saw the plaintiff's vehicle approach his destination he proceeded to pull out into traffic and began to follow the plaintiff's vehicle.

13. At this time Officer Coffey also contacted Detective Mason.

14. Detective Mason and Officer Edward Pokornicki left the Mendon police station and joined Officer Coffey to stop Mr. Powers' truck.

15. Officer Coffey, Detective Mason, and Officer Pokornicki proceeded to "pull over" the plaintiff's oil truck.

16. Once the plaintiff's truck came to a stop the officers approached the vehicle.

17. Officer Coffey commanded that the plaintiff, Gary Powers, turn off the oil truck and exit his vehicle.

18. The plaintiff fully complied.

19. Officer Coffey commanded the plaintiff to raise his hands above his head but the plaintiff, suffering from a permanent back injury, informed him that he could not

do so.

20. Officer Coffey then commanded that the plaintiff place his hands behind his back but again the plaintiff explained that he could not do so due to his injury.

21. The officers commanded Gary Powers to back up towards them.

22. Officer Pokornicki roughly grabbed the plaintiff's hands and placed them in handcuffs.

23. The plaintiff was never informed why he was stopped or put into handcuffs.

24. The plaintiff, R. P., heard his father tell him to call his mother on his cellular phone.

25. R. P. was unable to obtain cell phone service in the truck, so he exited the vehicle in an effort to obtain cell service.

26. As the plaintiff went to use his phone he was struck and tackled from behind by Officer Coffey.

27. The force of Officer Coffey lunging at him from behind knocked him to the ground where Officer Coffey came to stand on his arm.

28. The plaintiff was then violently handcuffed by Officer Coffey and roughly placed into the back of Officer Pokornicki's cruiser.

29. R. P. began to suffer from an asthma attack while in the cruiser.

30. The police officers refused to remove R. P. from the vehicle and refused to allow him to use his inhaler.

31. A search of the plaintiff's vehicle did not produce a gun or weapon of any sort.

32. The plaintiffs were released from their handcuffs.

33. The plaintiff, R. P., was brought to the hospital for medical treatment and released back into the custody of his father.

34. Neither of the plaintiffs were told that they were under arrest or being charged with any crime.

35. As of November 9, 2007 neither plaintiff was charged with any crime by the Mendon Police Department.

36. As of November 9, 2007 the Mendon Police Department had not applied for a

criminal complaint to issue against either plaintiff.

37. On or about November 9, 2007 the plaintiffs', attorney wrote to Ernest Horn, the chief of police for the Town of Mendon, complaining about the above described events.

38. As a direct result of the complaint of November 9, 2007, the Mendon Police Department, on or about November 28, 2007, began criminal proceedings against R. P. for disorderly conduct stemming from the incident described above.

39. On or about November 28, 2008 paperwork regarding R. P.'s alleged arrest of October 4, 2007 was filed with the Court for the first time by Court Officer Philip Dunlavey.

40. All charges against R. P. were dismissed by the Court.

41. In addition, the Mendon Police Department has continued to harass R. P., namely by bringing forth baseless motor vehicle infractions against him which have been dismissed by the Court.

42. The plaintiffs presented their claims to the Town of Mendon by certified letter as required by M.G.L. c. 258. The Town of Mendon has failed to respond to said letter.

43. The plaintiffs have satisfied all legal prerequisites to bringing the instant action.

<u>COUNT ONE</u>
Violations of 42 U.S.C. § 1983
R. P. v. Jack Coffey

44. The plaintiff repeats and realleges paragraphs 1 through 43 above as if set forth herein.

45. The actions of the defendant Coffey violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Jack Coffey, jointly and severally with all other defendants herein, including:
1. Compensatory Damages;
2. Punitive Damages;
3. Costs of this action;
4. Reasonable attorneys' fees; and

5. Such other and further relief as this Court may deem appropriate.

## COUNT TWO
Violations of 42 U.S.C. § 1983
R. P. v. Edward Pokornicki

46. The plaintiff repeats and realleges paragraphs 1 through 45 above as if set forth herein.

47. The actions of the defendant Pokornicki violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Edward Pokornicki, jointly and severally with all other defendants herein, including:
1. Compensatory Damages;
2. Punitive Damages;
3. Costs of this action;
4. Reasonable attorneys' fees; and
5. Such other and further relief as this Court may deem appropriate.

## COUNT THREE
Violations of 42 U.S.C. § 1983
R. P. v. Ernest Horn

48. The plaintiff repeats and realleges paragraphs 1 through 47 above as if set forth herein.

49. The actions of the defendant Horn violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Ernest Horn, jointly and severally with all other defendants herein, including:
1. Compensatory Damages;
2. Punitive Damages;
3. Costs of this action;
4. Reasonable attorneys' fees; and
5. Such other and further relief as this Court may deem appropriate.

## COUNT FOUR
Violations of 42 U.S.C. § 1983
R. P. v. Philip Dunlavey

50. The plaintiff repeats and realleges paragraphs 1 through 49 above as if set forth herein.

51. The actions of the defendant Dunlavey violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Philip Dunlavey, jointly and severally with all other defendants herein, including:
       1.    Compensatory Damages;
       2.    Punitive Damages;
       3.    Costs of this action;
       4.    Reasonable attorneys' fees; and
       5.    Such other and further relief as this Court may deem appropriate.

## COUNT FIVE
Civil Rights Violation
R. P. v. Jack Coffey

52. The plaintiff repeats and realleges paragraphs 1 through 51 above as if set forth herein.

53. The defendant, Coffey, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the plaintiff, R. P. of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

54. As a direct and proximate result of the defendant, Coffey's violation of the plaintiff's constitutionally protected civil rights, the plaintiff, R. P., was caused to suffer severe injuries.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Jack Coffey, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law including costs of litigation and reasonable attorneys' fees to be fixed by the Court.

## COUNT SIX
Civil Rights Violation
R. P. v. Edward Pokornicki

55. The plaintiff repeats and realleges paragraphs 1 through 54 above as if set forth herein.

56. The defendant, Pokornicki, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the plaintiff, R. P. of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

57. As a direct and proximate result of the defendant Pokornicki's violation of the plaintiff's constitutionally protected civil rights, the plaintiff, R. P., was caused to suffer severe injuries.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Edward Pokornicki, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law including costs of litigation and reasonable attorneys' fees to be fixed by the Court.

## COUNT SEVEN
False Arrest and Imprisonment
R. P. v. Town of Mendon

58. The Plaintiff repeats and realleges paragraphs 1 through 57 above as if set forth herein.

59. The defendant, the Town of Mendon, by and through its agents, unlawfully arrested and restrained the freedom of movement of the plaintiff, R. P., by the imposition of force and threats.

60. As a direct and proximate result of the unlawful arrest and restraint of the plaintiff, R. P., by the defendant, the Town of Mendon, the plaintiff, R. P., held against his will, caused to suffer severe emotional distress, humiliation and upset and was forced to attend numerous court hearings resulting in a loss of time, monies and other damages including attorneys' fees and expenses.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, The Town of Mendon, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT EIGHT
Malicious Prosecution
R. P. v. the Town of Mendon

61. The Plaintiff repeats and realleges paragraphs 1 through 60 above as if set forth herein.

62. A criminal prosecution for disorderly conduct was commenced against the plaintiff, R. P..

63. The criminal prosecution commenced against the plaintiff was instituted and/or instigated by the Town of Mendon.

64. The institution and instigation of the criminal prosecution against the plaintiff, R. P., was malicious.

65. The criminal prosecution has been legally and finally terminated in the plaintiff's favor.

66. The criminal prosecution was instituted and instigated without probable cause.

67. As a direct and proximate result of the defendant, the Town of Mendon's malicious prosecution of the plaintiff, R. P., suffered permanent physical and psychological injuries and other damages.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, the Town of Mendon, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT NINE
Abuse of Process
R. P. v. the Town of Mendon

68. The Plaintiff repeats and realleges paragraphs 1 through 67 above as if set forth herein.

69. The defendant, the Town of Mendon, used lawful process against the plaintiff, R. P..

70. The defendant, the Town of Mendon, utilized lawful process to accomplish an unlawful purpose, to wit, intimidating, coercing, threatening and discouraging the plaintiff, R. P., from bringing complaints against himself for his assault and batteries, harassment, civil rights violations and attack upon the plaintiff.

71. The actions of the defendant, the Town of Mendon, with regard to the utilization of lawful process against the plaintiff were conducted with malice.

72. As a direct and proximate result of the defendant, the Town of Mendon's abuse of lawful process against the plaintiff, R. P., the plaintiff was caused to suffer severe and permanent damages including emotional distress, loss of time, the expenses incurred in defending legal process and other damages.

WHEREFORE, the plaintiff, R. P., demands judgment against the defendant, the Town of Mendon, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

### COUNT TEN
### Negligence- Excessive Force
### R. P. v. Town of Mendon

73. The Plaintiff repeats and realleges paragraphs 1 through 72 above as if set forth herein.

74. The defendant, Town of Mendon, through its agents, had a duty to use reasonable care in effectuating the arrest of R. P. including a duty to use no more than reasonable force in effectuating the arrest.

75. The defendant's agents breached that duty of care by failing to use reasonable care in arresting R. P..

76. As a direct and proximate result of the defendant's negligence, the plaintiff, R. P., suffered severe physical and psychological injuries.

WHEREFORE, the plaintiff, R. P., demands judgment as against the defendant, Town of Mendon, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

### COUNT ELEVEN
### Violations of 42 U.S.C. § 1983
### Gary Powers v. Jack Coffey

77. The plaintiff repeats and realleges paragraphs 1 through 76 above as if set forth herein.

78. The actions of the defendant Coffey violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, Gary Powers, demands judgment as against the defendant, Jack Coffey, jointly and severally with all other defendants herein, including:

    1.    Compensatory Damages;
    2.    Punitive Damages;
    3.    Costs of this action;
    4.    Reasonable attorneys' fees; and
    5.    Such other and further relief as this Court may deem appropriate.

<u>COUNT TWELVE</u>
Violations of 42 U.S.C. § 1983
Gary Powers v. Edward Pokornicki

79. The plaintiff repeats and realleges paragraphs 1 through 78 above as if set forth herein.

80. The actions of the defendant Pokornicki violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

WHEREFORE, the plaintiff, Gary Powers, demands judgment as against the defendant, Edward Pokornicki, jointly and severally with all other defendants herein, including:
    1.    Compensatory Damages;
    2.    Punitive Damages;
    3.    Costs of this action;
    4.    Reasonable attorneys' fees; and
    5.    Such other and further relief as this Court may deem appropriate.

<u>COUNT THIRTEEN</u>
Negligence- Excessive Force
Gary Powers v. Town of Mendon

81. The Plaintiff repeats and realleges paragraphs 1 through 80 above as if set forth herein.

82. The defendant, Town of Mendon, through its agents, had a duty to use reasonable care in effectuating the seizure of Gary Powers including a duty to use no more than reasonable force in effectuating the seizure.

83. The defendant, Town of Mendon, breached that duty of care by failing to use reasonable care in seizing R. P..

84. As a direct and proximate result of the defendant's negligence, the plaintiff, Gary Powers, suffered severe physical and psychological injuries.

WHEREFORE, the plaintiff, Gary Powers, demands judgment as against the defendant, Town of Mendon, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

THE PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL COUNTS

                                         Respectfully submitted,
                                         The Plaintiffs, by their attorney


                                         /s/ Michael J. Heineman
                                         Michael J. Heineman, Esq.
                                         BBO #556841
                                         MINGACE & HEINEMAN, P.C.
                                         284 Union Avenue
                                         Framingham, MA  01702
                                         (508) 626-8500

Dated:  08/11/2009