# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL POWERS, as mother and next friend of R.P., and GARY POWERS, ) ) ) ) ) Plaintiffs, ) ) v. ) ) JACK COFFEY, EDWARD POKORNICKI, ERNEST H. HORN, PHILIP G. DUNLAVEY, and TOWN of MENDON, ) ) ) ) ) ) Defendants. ) ) | Civil Action No. 09-40140-FDS |

## MEMORANDUM AND ORDER ON TOWN OF MENDON'S MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

This is a civil rights action arising out of an allegedly unlawful stop and arrest by officers of the Town of Mendon police department. Plaintiffs R.P. (a minor) and Gary Powers allege that the officers unlawfully stopped the vehicle they were in, falsely arrested them, and used excessive force in carrying out the arrests. The complaint names as defendants four individual police officers and the Town, and alleges claims under both federal and state law. This Court previously granted summary judgment in favor of the Town. The Town now moves for entry of a separate and final judgment as to the claims against it. For the reasons set forth below, the motion will be denied.

## I. Factual Background

The complaint contains the following allegations, which are assumed to be true for present purposes.

On October 4, 2007, an individual named John Franklin walked into the Mendon police

department and reported that Gary Powers, who was driving an oil truck, had pointed a gun at him. Officers took no steps to corroborate the accusation even though Franklin was behaving erratically and had made unsubstantiated complaints against Powers in the past. Instead, officers set out to locate Powers's truck.

After learning that the truck was not parked in Powers's driveway, Officer Jack Coffey waited by the side of a road for Powers to return from out of town. After the truck passed by his cruiser, Coffey began to follow the vehicle. He contacted Detective Pamela Mason who, along with Officer Edward Pokornicki, left the Mendon police station to join the pursuit. Upon the arrival of Mason and Pokornicki, the three officers executed a stop of the truck.

Coffey ordered Powers to turn off the engine and exit the vehicle; he complied. Coffey then instructed Powers to place his hands behind his head. Powers informed Coffey that because of a permanent back injury, he could not physically comply, and he could not place his hands behind his back. The officers then commanded Powers to back up towards them. Pokornicki roughly grabbed Powers's hands and placed them in handcuffs. Powers was never informed why he was stopped or put into handcuffs.

R.P., who had been sitting in the truck, left the vehicle to place a call to his mother. While R.P. was doing so, Coffey struck and tackled him from behind, forcing him to the ground. Once on the ground, Coffey stood on R.P.'s arm. He was then violently handcuffed and placed in the back of Pokornicki's cruiser. Once inside the cruiser, R.P. began to suffer an asthma attack, but the officers refused to remove him from the vehicle and denied him access to his inhaler.

After a search of the truck did not uncover a gun or weapon of any sort, both individuals

were released from their handcuffs. R.P. was taken to the hospital for medical attention and discharged into his father's care. R.P. was subsequently charged with disorderly conduct, which was later dismissed by the state court. Officers from the Mendon police department have continued to harass R.P. by asserting baseless motor-vehicle charges. As a result of the incident, both R.P. and Powers suffered physical and psychological injuries.

## II. Procedural Background

On August 8, 2009, plaintiffs filed a complaint in this Court alleging thirteen different federal and state causes of action against various police officers and the Town. The complaint alleged five different causes of action against the Town: false arrest and imprisonment as to R.P. (Count 7), malicious prosecution as to R.P. (Count 8), abuse of process as to R.P. (Count 9), negligent use of excessive force as to R.P. (Count 10), and negligent use of excessive force as to Gary Powers (Count 13).

On November 23, 2009, the Town filed a motion to dismiss the claims against it. On July 16, 2010, the Court granted the motion to dismiss as to Counts 7, 8, and 9, and denied it as to Counts 10 and 13. On September 14, 2011, the Town filed a motion for summary judgment, contending that Massachusetts law does not recognize claims for negligent use of excessive force. On October 3, 2011, plaintiffs filed a motion for leave to amend the complaint to add a claim of negligent supervision. The proposed amended complaint contended that Detective Mason, as the town's agent, failed to intervene and exercise reasonable care and ensure that officers under her command used reasonable care in arresting plaintiffs.

On November 15, 2011, the Court granted the town's motion for summary judgment. The Court also denied plaintiffs' motion for leave to amend the pleadings, finding that the

motion was untimely, that plaintiffs had not shown good cause for the delay in filing the motion, and that allowing the motion would cause undue delay and prejudice to defendants.

The Town now seeks an entry of separate and final judgment as to the claims against it pursuant to Fed. R. Civ. P. 54(b).

### III.   Analysis

In a case involving multiple claims, a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if it makes an express finding that there is no just reason for delay. Fed. R. Civ. P. 54(b). The decision whether to grant final judgment is within the discretion of the district court and should not be granted routinely. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8-10 (1980). A court must consider judicial administrative interests in order to preserve federal policy against piecemeal appeals, including factors such as separability from the remaining claims, and the possibility of review of the same issue by an appellate court in subsequent appeals. *Id.*; *see also Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42-43 (1st Cir. 1988). A party seeking entry of a final judgment must make some showing of hardship or injustice that could be alleviated by immediate appeal. *Sullivan v. Bankhead Enters. Inc.*, 108 F.R.D. 378, 381 (D. Mass. 1985); *see also Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985); *Burlington N. R.R., Co. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985).

The Town has not sufficiently demonstrated why this Court should enter a separate and final judgment. It contends that plaintiffs would likely appeal the denial of their motion for leave to amend the complaint to add claims for negligent supervision. It argues that this claim would center solely around Detective Mason's alleged failure to prevent the alleged attack on

plaintiffs, and that this claim is factually distinct from the claims against other defendants.

Despite the Town's claims to the contrary, a negligent supervision claim is not sufficiently distinct from the alleged attack by the other officers to warrant entry of final judgment. Among other things, determining the exact factual circumstances of the alleged attack might be necessary to create a causal link between the negligent supervision and the other officers' conduct, or indeed to prove that the attack occurred at all or that plaintiffs suffered any harm. Entering final judgment on the claim against the Town now could result in multiple appeals on the same issue in the future, instead of a single appeal on all claims. Furthermore, the Town has not presented any arguments that it would suffer harm or injustice if a final judgment is not entered that would outweigh judicial administrative interests.

## III. Conclusion

For the foregoing reasons, defendant Town of Mendon's motion for entry of separate and final judgment is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: January 12, 2012